IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Thomas Griffin, Jr.,                    :

               Plaintiff,         :    Case No. 2:10-cv-664

  v.                                    :    JUDGE FROST

Correctional Officer Kyle,              :

            Defendants.          :

REPORT AND RECOMMENDATION

On October 21, 2010, plaintiff Thomas Griffin, Jr., filed a motion for default judgment, asking that the Court enter a default judgment against defendant Corrections Officer Kyle. The motion states that this defendant did not answer the complaint in the time allowed in Fed.R.Civ.P. 12(a)(1)(A)(i), which requires such answer to be filed within twenty-one days after service unless the Court has specified a different answer time.

The Court's docket, entry #10, shows that the summons issued to Officer Kyle was attempted to be served by the United States Marshal, by certified mail, but that on September 13, 2010, the certified mail delivery was returned as "refused - unable to forward." Previously, see #8, a summons sent to him was signed for by someone (not Officer Kyle), but it also appears from the summons completed by plaintiff that Officer Kyle no longer works at the Belmont Correctional Institution, which is where the summons was sent.

Mailing a summons and complaint to an individual at an address where that individual no longer works is not valid service under Fed.R.Civ.P. 4(e). Consequently, since Officer Kyle has not been served properly, there is no basis for entering a default judgment against him. It is therefore recommended that

the motion for a default judgment (#14) be denied.  Further, if plaintiff wishes to proceed with his claims against this defendant, he shall provide the Marshal with a correct address for the defendant, and he must do so promptly enough to allow service to be made by November 24, 2010, or his claims against Officer Kyle may be dismissed under Fed.R.Civ.P. 4(m).

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


                              /s/ Terence P. Kemp
                              United States Magistrate Judge




                                  -2-