IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Thomas Griffin Jr.,               :

          Plaintiff,              :    Case No. 2:10-CV-00664

        v.                        :    JUDGE GREGORY L. FROST
                                       Magistrate Judge Kemp
Correctional Officer Kyle,        :

          Defendants.             :

REPORT AND RECOMMENDATION

      This matter is before the court to consider plaintiff Thomas
Griffin, Jr.'s motion for default judgement against defendant
Correctional Officer Kyle.  Officer Kyle has opposed the motion.
For the following reasons, it will be recommended that the motion
be denied.

I.

      Mr. Griffin, proceeding *pro se*, filed a motion for default
judgement against defendant Officer Kyle on September 17, 2011.
Mr. Griffin filed his complaint on August 26, 2010, but was
unable to serve Officer Kyle until February 28, 2011.  Officer
Kyle filed her answer to the complaint on March 16, 2011.  Mr.
Griffin, however, maintains that he has never received a copy of
the answer.  He further claims that he asked for a copy of the
answer directly from Officer Kyle's counsel on May 3, 2011, and
that defendant's counsel has failed to comply with his request.
As a result, Mr. Griffin demands that a default judgment be
entered against Officer Kyle pursuant to Fed. R. Civ. P. 55(b).

      Officer Kyle filed a memorandum in opposition. In her
response, she argues that default judgement should not be entered
because the failure to serve the answer upon the plaintiff was
the result of either mistake or excusable neglect.

II.

      Initially, the Court notes that Mr. Griffin did not move for
an entry of default pursuant to Fed. R. Civ. P. 55(a) prior to

moving for a default judgment.  This fact alone requires the
denial of his motion for a default judgment.  See Rose v. Elias,
2008 WL 341993 at *1 (S.D. Ohio Feb. 7, 2008); Webster Indus.,
Inc. v. Northwood Doors, Inc., 244 F.Supp.2d 998, 1003 (N.D. Iowa
2001)(entry of default must precede grant of default judgment
under Rule 55(b)).  The Court therefore cannot enter a default
judgment under Rule 55(b).  Cf. Weiss v. St. Paul Fire & Marine
Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002)("Rule 55 permits the
clerk to enter a default when a party fails to defend an action
as required.  The court may *then* enter default judgment.")
(emphasis added).

More significantly, however, Mr. Griffin has not established
grounds under Fed. R. Civ. P. 55(a) for an entry of default.
While an entry of default may be appropriate if a party fails to
manifest its intention to defend the action, see Southern Elec.
Health Fund v. Bedrock Services, 146 Fed. Appx. 772, 775 (6th
Cir. 2005), that is not the situation presented here.  Although
Officer Kyle failed to serve her answer upon Mr. Griffin, as
required by Fed. R. Civ. P. 12(a)(1)(A)(i), and in the manner
prescribed by Fed. R. Civ. P. 5(b)(2)(C), she filed the answer
with the Court on March 16, 2011.  The filing of an answer
demonstrates an intention to defend an action sufficient to
defeat a motion for default.  See Muhammad v. Barney, 2010 WL
3782651 at *1 (S.D. Ohio Sep. 7, 2010)(defendants filed their
answers and therefore were not in default).

Finally, if the Court were to enter default or grant a
default judgment, that action could be set aside under Fed. R.
Civ. P. 55(c) for good cause and under 60(b)(1) upon a showing of
excusable neglect.  When the question is whether to set aside an
entry of default for "good cause", it is not absolutely necessary
that the neglect or oversight of counsel be excusable.  Shepard
Claims Service, Inc. v. William Darrah & Assoc., 796 F.2d 190,

194 (6th Cir. 1986). The same is true when the issue is whether to grant default judgment rather than to vacate an existing default judgment. Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296, 298 (S.D. Tex. 1967). Thus, it is not necessary for this Court to determine whether defendant's counsel's failure to serve a copy of her answer on the plaintiff constituted excusable neglect where Mr. Griffin has not shown any resulting prejudice or that the attorney's conduct was culpable. See Shepard Claims Service, supra. Without a showing of prejudice and an intent to thwart judicial proceedings, Officer Kyle should not be deprived of her day in court regardless of whether her attorney's conduct was excusable.

III.

For the above reasons, it is recommended that the motion for default judgement (#62) be denied.

Procedure on Objections

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and

Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge