```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Thomas Griffin, Jr.,             :

        Plaintiff,       :     Case No. 2:10-cv-664

  v.                             :     JUDGE GREGORY L. FROST
                                          Magistrate Judge Kemp
Correctional Officer Kyle,       :

        Defendants.      :

## REPORT AND RECOMMENDATION
## AND ORDER

This prisoner civil rights case was filed by Thomas Griffin, Jr., an inmate at the Belmont Correctional Institution located in St. Clairsville, Ohio. He named a number of officials at that institution, as well as other corrections officials, as defendants. Three of them - Ernie Moore, the Director of the Ohio Department of Rehabilitation and Correction, Michelle Miller, the warden of the Belmont Correctional Institution, and Corrections Officer LouAnn Kyle - have, by way of two separate motions, moved for summary judgment. For the following reasons, it will be recommended that the motions be denied.

I.

Mr. Griffin's complaint is based on the following facts, as he alleges them. On April 18, 2010, Belmont Correctional had been placed on lockdown status due to some inmate fights. After the evening meal was served, Mr. Griffin went to the restroom. While he was there, Corrections Office Kyle, one of the defendants, entered and ordered everyone to leave. Mr. Griffin advised her that he had been given permission by another corrections officer to use the restroom, but Officer Kyle again ordered everyone to leave. As Mr. Griffin attempted to comply

with her order, she sprayed him with tear gas, and she continued to do so even as Mr. Griffin and the other inmates returned to the dormitory area. Then, with the help of another of the defendants, Corrections Officer Hammond, Officer Kyle emptied a tear gas fogger into the dormitory. Mr. Griffin claims that since that time, he has had problems with his vision and also has experienced weight loss, skin irritation, and breathing difficulties. He asserts a claim for excessive use of force under the Eighth and Fourteenth Amendments and a claim for negligence under Ohio law.

The complaint does not plead that either Warden Miller or Director Moore were present when these events occurred. It does, however, contain the following assertions:

> 41. That the Defendant Michelle Miller as warden of BeCI is in charge of and responsible for the actions and behavior of her employees.
>
> 42. That Defendant Ernie Moore, is the Director of the Ohio Dept. of Rehabilitation and Correction and pursuant to R.C. 5120.01 has authority to manage and direct the total operations of the Department and to establish such rules and guidelines as pertain to the instant case.
>
> * * *
>
> 48. The tear gassing of the Plaintiff on April 18, 2010 by the [] Defendant Corrections Officers was a direct and proximate result of the Administrative Regulations and Policies of the State of Ohio and their employees individually and/or of the customs and policies of the State of Ohio and their employees of the Dept. of Rehabilitation and Correction collectively.
>
> 49. More specifically, the Plaintiff suffered lasting physical injuries and violations of his constitutionally guaranteed rights under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. 1983 that were caused by gross negligence by the Defendant Employees of the State

-2-

        of Ohio which amount to deliberate indifference in the recruitment, training, supervision, or discipline of the officers.

50. The abuse inflicted upon the Plaintiff by the Individual Defendants gives rise under 42 U.S.C. 1983 to recovery by the Plaintiff for the damages he suffered due to the deprivation of his constitutionally guaranteed rights, because of the policies, and customs and deficiencies in their training, supervision and recruitment, which have allowed and fostered said abuses committed against the Plaintiff and which has become a de facto sanction of such brutality by the Warden and Director because of their failure to readily enforce laws, rules and discipline against corrections officers who commit such brutality, and against such employees who violate inmate rights.

<u>See</u> Complaint, Doc. #1.

II.

The motions for summary judgment are short and raises only a few issues. In their motion, defendants Moore and Miller argue that they cannot be held vicariously liable for the actions of other defendants because they were not personally involved in the alleged use of tear gas on April 18, 2010. They also assert immunity from any state law claims under Ohio Revised Code §9.86. Officer Kyle's motion raises the same two issues. Although she argues that she was not personally involved in any alleged constitutional deprivations, since she was the one who allegedly sprayed Mr. Griffin with tear gas, that argument appears to be based on her assertion that "there is no basis for concluding that Defendant Kyle was doing anything other than her appointed job duties." Defendant Corrective Officer Kyle's Motion for Summary Judgment, Doc. #57, at 3.

In response, Mr. Griffin disputes that he is attempting to hold defendants Moore and Miller vicariously liable. Rather, he argues that under the Supreme Court's decision in <u>City of Canton</u>

-3-

v. Harris, 489 U.S. 378 (1989), supervisors such as these defendants can be held responsible for the acts of others if they have explicitly or implicitly adopted a policy which led directly to the alleged unconstitutional acts of those working under their supervision.  He addresses the state law immunity issue, however, as if it were an assertion of qualified immunity as to the §1983 claims.  The reply brief is limited to the issue of supervisory liability, and argues only that even if a "failure to train" claim is asserted in the complaint, because the defendants moved for summary judgment, Mr. Griffin may not rest on the allegations of the complaint but must come forward with evidence to support his claim.  It bears mentioning that, at the same time they moved for summary judgment, defendants Moore and Miller moved for a stay of discovery, and it does not appear that any discovery has been done on the failure to train claim.  The discovery cutoff has not yet passed.  It also appears from a filing made on May 6, 2011, that defendants Moore and Miller refused to answer discovery propounded to them based on their intent to move for summary judgment and for a stay of discovery.

     Mr. Griffin has not responded to the motion for summary judgment filed by Officer Kyle, perhaps because it was not served on him.  The certificate of service on that motion reads as follows: "The undersigned hereby certifies that on the 10$_{th}$ day of May, 2011, a copy of the foregoing *Motion for Summary Judgment* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system."  Mr. Griffin, as a pro se prisoner litigant, does not participate in the electronic filing system, so he would not have received a copy of the motion unless it had been sent directly to him, and there is no evidence of that.  This appears to be the same reason that Mr. Griffin did not get Officer Kyle's answer, a failure which led him to file a motion for default judgment.

That issue has been addressed in a separate Report and Recommendation.

                                III.

The Court turns first to Officer Kyle's motion for summary judgment.  Obviously, it is not appropriate to rule on a motion which has not been served on the opposing party.  Here, the proper course of action would be to deny the motion without prejudice to its refiling, accompanied by a proper certificate of service, and that course of action will be recommended.

                                IV.

As far as the other motion for summary judgment is concerned, the moving defendants are clearly entitled to have the state law claims dismissed without prejudice.  They are correct that under O.R.C. §9.86, no state law claims may be maintained against state officials unless and until it has been determined that those officials acted manifestly outside the scope of their employment, and that determination cannot be made by a federal court, but is reserved to the Ohio Court of Claims under O.R.C. §2743.02(F).  As this Court explained in Nuovo v. The Ohio State University, 726 F.Supp. 2d 829, 848 (S.D. Ohio 2010)(Frost, J.),

> as another judicial officer has recognized, "[t]he Sixth Circuit has read §§ 9.86 and 2743.02(F) together to hold that a state employee is immune from state law claims until the Court of Claims has held that § 9.86 immunity is unavailable." Prior v. Mukasey, No. 3:08CV994, 2008 WL 5076821, at *2 (N.D.Ohio Nov. 21, 2008). This means that, "'[u]ntil the Ohio Court of Claims determines  that [defendant] are not immune, there is no cause of action cognizable under Ohio law over which the district court can assert jurisdiction.' " Id. (quoting Haynes v. Marshall, 887 F.2d 700, 705 (6th Cir.1989)).

As noted, Mr. Griffin apparently read this argument to invoke qualified immunity, which is a potential defense to claims based on federal law, see Harlow v. Fitzgerald, 457 U.S. 800, 818

-5-

(1982), but which has no application to state law claims.  Thus, he has not responded directly to the claim of immunity under §9.86.  Because the law is clear that he cannot pursue his state law claims absent a decision from the Ohio Court of Claims under §2743.02(F), the Court will recommend dismissal of the state law claims asserted against defendants Moore and Miller.

That leaves only the issue of supervisory liability for discussion.  In resolving the issue, at least as presented in the motion for summary judgment, it is important to clarify exactly how narrow an issue has been presented for decision.  Defendants Moore and Miller do not dispute - and cannot dispute - that under some circumstances, supervisory liability exists for claims asserted under §1983, such as in the City of Canton situation or other situations where entities or individuals are deemed to have "acted" for purposes of that section even if they did not directly participate in the actions which supposedly violated the plaintiff's constitutional rights.  See, e.g., City of St. Louis v. Praprotnick, 485 U.S. 112, 127(1988); Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986).  Further, they do not appear to dispute that the complaint alleges that they failed to train the involved officers appropriately or that they implicitly ratified such actions through a policy of failing to discipline officers for prior unconstitutional actions.  That is a valid theory of liability under §1983.  See, e.g., Skovgard v. Pedro, 2010 WL 546368, *13 (S.D. Ohio February 10, 2010)(Rice, J.), citing Gregory v. City of Louisville, 444 F.3d 725 (6th Cir. 2006).  Additionally, they have not argued that the allegations in the complaint are too conclusory to satisfy the pleading standards articulated in Bell Atlantic v. Twombley, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  Rather, their sole argument, based on the reply brief, is that it was incumbent on Mr. Griffin to submit evidence to support his

supervisory liability theory because they moved for summary judgment on the issue, and that this claim should be dismissed because he has not done that.  This is, therefore, a procedural rather than a substantive issue, and, as a matter of procedure, defendants' argument is not well-taken.

It is, of course, black-letter law that, in the appropriate circumstances, a defendant, merely by filing a motion for summary judgment - even one which, like the motion filed here by defendants Moore and Miller, is not accompanied by any evidentiary materials at all - triggers an obligation on the part of the opposing party to present evidence in support of his or her claims.  See, e.g., Moldowan v. City of Warren, 578 F.3d 351, 374 (6th Cir. 2009), where the Court of Appeals stated:

> If the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, however, the moving party may meet its burden by showing "that there is an absence of evidence to support the nonmoving party's case." [Celotex Corp. v. Catrett, 477 U.S. 317 (1986)] at 325 ....  When the moving party has carried this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita [Elec. Indus. Co. v. Zenith Radio Corp.], 475 U.S. [574 (1986)] at 586 .... The non-moving party also may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. Id.; Fed.R.Civ.P. 56(e)(2).

As an initial matter, the Court notes that the motion for summary judgment filed by defendants Moore and Miller was not premised on "an absence of evidence" to support the claim of supervisory liability.  Rather, it was clearly based on the contention that the complaint - particularly paragraphs 41 and 42, which simply asserted that the officers who were directly involved in the tear gassing incident worked under the supervision of Director Moore and Warden Miller - did not set forth any "allegation ... that

Ernie Moore or Michelle Miller had any direct involvement in this incident." Defendants Moore and Miller's Motion for Summary Judgment, Doc. #55, at 3. It made no mention of the allegations in paragraphs 48 through 50 and did not argue that Mr. Griffin would be unable to produce evidence to support those allegations. This is a fundamental defect in the motion, at least as it relates to the duty of Mr. Griffin, as the non-moving party, to produce evidence to support his claims. Simply put, he could not have anticipated the need to do so in response to this particular motion because his inability to produce evidence to support the allegations made in paragraphs 48 through 50 was not the basis on which these defendants sought summary judgment.

   Additionally, and equally fundamental to the procedural issue presented here, the moving defendants appear to be relying on an inability to produce evidence that they themselves have caused, and at a time when discovery is not yet complete. As the Court of Appeals explained in Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989), the Supreme Court's decisions in Celotex, supra and Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), "[r]ead together ... stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion. If, *after a sufficient time for discovery*, the opposing party is unable to demonstrate that he or she can do so under the Liberty Lobby criteria, summary judgment is appropriate." (Emphasis supplied). The flip side of this proposition is, of course, that if there has not been "a sufficient time for discovery," summary judgment is not appropriate. Thus, "[b]efore ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." Plott v. General Motors Corp., Packard Elec. Div., 71 F.3d 1190, 1195 (6th

Cir. 1995).  As stated in Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1105-06 (9th Cir. 2000), "[t]he nonmoving party, of course, must have had sufficient time and opportunity for discovery before a moving party will be permitted to carry its initial burden of production by showing that the nonmoving party has insufficient evidence."  And, more specifically, "summary judgment is [generally] inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests."  Snook v. Trust Co. Of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988).  That is clearly the case here.

It could be argued, however, that Mr. Griffin failed to take advantage of the provisions in Fed.R.Civ.P. 56(d), which allow a party opposing a summary judgment motion to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition ...."  One of those reasons is that there has not been enough time "to obtain affidavits or declarations or to take discovery ...."  Id.  Under certain circumstances, in order successfully to resist a motion for summary judgment on grounds that it is premature, a party must comply with Rule 56(d).  See, e.g., Plott, supra, 71 F.3d at 1196.

The short answer to this argument is that defendants' motion, because it did not rely on the absence of evidence to support the claims in paragraphs 48 through 50 of the complaint, did not reasonably alert Mr. Griffin that he would need to present such evidence in order to respond to the motion.  Thus, he had no reason to present an affidavit or declaration under Rule 56(d), because he could oppose the motion, as presented, simply by pointing out that, contrary to the defendants' argument, the complaint contained allegations of supervisory liability that went beyond the statements contained in paragraphs

41 and 42.  It is only after he did so that defendants, in the reply, shifted their argument to the contention that Mr. Griffin had adduced no evidence to support his claims.  But a party may not ordinarily raise a new issue in the reply brief, because that gives the opposing party no opportunity to respond to it.  See, e.g., Hamilton v. Astrue, 2010 WL 1032646, *6 (N.D. Ohio March 17, 2010)("A [party] cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of [those new] arguments").  Thus, Mr. Griffin cannot be faulted for not presenting a Rule 56(d) motion under the particular circumstances of this case.

In short, the Court concludes that, as a matter of procedure, Mr. Griffin was not obligated to present any evidence in support of his opposition to defendants' summary judgment motion because the motion, as phrased, did not trigger that obligation.  Further, it is clear that, in part due to those defendants' refusal to answer Mr. Griffin's discovery, it would be premature to grant them summary judgment based on a lack of evidence to support the claims against them.  For these reasons, their motion for summary judgment should be denied.  Given this recommendation, the Court will deny the accompanying motion to stay discovery.

V.

For the foregoing reasons, it is recommended that the motions for summary judgment filed by defendants Moore and Miller (#55) and by defendant Kyle (#57) be denied.  It is further ordered that the motion to stay discovery filed by defendants Moore and Miller (#56) is denied.

VI.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file

and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

     The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir.1981).

                                       /s/ Terence P. Kemp
                                       United States Magistrate Judge